Affirmed and Memorandum Opinion filed September 8, 2005









Affirmed and Memorandum Opinion filed September 8,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01130-CR

____________

 

GARY ALLEN SWEED,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 122nd District
Court

Galveston County,
Texas

Trial Court Cause No.
03CR2348

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to the offense of burglary
of a habitation.  On October 15, 2004,
the trial court sentenced appellant to confinement for 12 years in the
Institutional Division of the Texas Department of Criminal Justice.  Appellant filed a pro se notice of appeal.








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  Appellant
filed a pro se response, raising three issues for review.

In his first issue, appellant claims his trial counsel
provided ineffective assistance. 
However, appellant presents no argument concerning this issue and does
not cite to the record or to authority in support of his claim.  Accordingly, we find that appellant has
waived this issue.  See Rayford v.
State, 125 S.W.3d 521, 534 (Tex. Crim. App. 2003).

In his second issue, appellant claims the evidence is
factually insufficient to prove he is guilty of burglary of a habitation
because there is evidence showing the assault took place inside the residence
and other evidence showing the assault took place outside the residence.  Appellant further notes inconsistencies in
testimony concerning whether the victim=s child landed on her head after
being thrown by appellant and the child=s location in the apartment when the
police arrived.  

Appellant pled guilty to the offense of burglary of a
habitation.  In the plea document, he
agreed that he was voluntarily pleading guilty and confessing his guilt to
having committed each and every element of the offense alleged in the
indictment.  Appellant further stipulated
that the facts contained in the indictment were true and correct.  Thus, we find no merit to appellant=s sufficiency challenge.








Finally, appellant raises a claim of fundamental error.  As no other arguments are made, this claim
concerns the inconsistencies in the evidence appellant challenged on
sufficiency grounds.  We find no
fundamental error in this case. 
Appellant stipulated to the evidence contained in the indictment,
confessed his guilt, and received a sentence within the range allowed by
statute for the offense of burglary of a habitation.[1]

We have carefully reviewed the record and the briefs and
agree the appeal is wholly frivolous and without merit.  Further, we find no reversible error in the
record. 

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed September 8, 2005.

Panel consists of Justices Hudson,
Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]  The sentence
imposed in this case was 12 years in the the Texas Department of Criminal
Justice, Institutional Division.  The
range of punishment allowed by law for burglary of a habitation is a sentence
of five to 99 years= imprisonment and a fine not to exceed $10,000.  Tex.
Pen. Code Ann. ' 12.32 (Vernon 2003).